

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW R. PERRONG** <br> **1657 The Fairway #131 Jenkintown, PA 19046** ) <br> ) <br> **Plaintiff,** ) <br> **vs.** ) <br> ) <br> **Risen Capital, LLC ("RISEN"),** ) <br> **1300 NW 17th Ave., #278 Delray Beach, FL 33445** ) <br> ) <br> **CRYSTIAN BARRERA, Individually and as** ) <br> **Chief Executive Officer / Principal of RISEN** ) <br> **1300 NW 17th Ave., #278 Delray Beach, FL 33445** ) <br> ) <br> **and** ) <br> **DOES 1 through 100, inclusive,** ) <br> ) <br> **Defendants.** ) | **Civil Action** <br> **No. 15 — 1807** <br><br><br> **Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, statutory damages,

punitive damages, interest, court costs, and injunctive relief under rights pursuant to Federal

Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra*

*vires* illegal actions and deliberate and knowing tortious activity of Risen Capital, LLC

("RISEN"), CRYSTIAN BARRERA, Individually and as Chief Executive Officer of RISEN

("BARRERA"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting

Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic

telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act,

47 U.S.C. § 227 *et seq.* ("TCPA"), and with call abandonment ("Abandonment") in violation of

47 C.F.R. 64.1200(2)(7) and related claims that form part of the same claim or controversy

and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by

jury, and complains and alleges as follows:

1

*Doass given to Pro Se*

## I. Introduction

1. Defendant Risen Capital, LLC ("Company") is a corporation incorporated in the State of Florida that markets and sells, *inter alia,* loan services to businesses throughout the United States. Its principal place of business is at 1300 NW 17th Ave., Suite 278 Delray Beach, FL 33445.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal call abandonment, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

2

## III.    Parties

6.  Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private VOIP telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7.  Defendant Risen Capital, LLC ("Company") is a corporation incorporated in the State of Florida that has been in existence for at least a month and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has headquarters located at 1300 NW 17th Ave., Suite 278 Delray Beach, FL 33445.

8.  Defendant CRYSTIAN BARRERA ("BARRERA") is an adult individual who is the Chief Executive Officer / Principal of Company, and upon information and belief is the Company's Primary Owner. BARRERA is an adult individual and citizen of the State of Florida. As Chief Executive Officer of Company, BARRERA is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Florida, and nationwide.

9.  Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

10. At all times herein mentioned, Company, BARRERA, and the Doe Defendants,

3

(collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    **Factual Allegations**

13. In or about March 3rd , 2015, Plaintiff received the first of multiple "robocall" solicitations by Defendants and/or their agents at Plaintiff's personal VOIP telephone that was subsequently abandoned when Plaintiff answered. Plaintiff had not consented to this solicitation.

14. The unsolicited telephone call was placed to Plaintiff's personal VOIP telephone number of 267-935-9013 and utilized an "automatic telephone dialing system," or "robocall," as prohibited by 47 U.S.C. § 227(b)(1)(A).

4

15. Plaintiff received six (6) *additional* telephone calls from Defendants, placed on March 12th (two (2) times), March 13th (two (2) times), March 16th (one (1) time), and March 23rd (one (1) time).

16. Plaintiff answered these telephone calls, but was unable to speak to anybody and was hung up on. The calls were therefore abandoned, as prohibited by 47 CFR 64.1200(a)(7).

17. Additionally, no message was played to reveal the identity of the caller, as required to by 47 CFR 64.1200(a)(7)(i)(A).

18.  Since no message was played there was additionally no "opt-out mechanism" provided, as required to by 47 CFR 64.1200(a)(7)(i)(B).

19. Plaintiff's  telephone number was active on the Federal Do-Not-Call registry for over two (2) months prior to these illegal unsolicited phone calls.

20. The unsolicited "robocall" telephone call transmitted the caller ID information of 561-609-3300. Plaintiff dialed this number on multiple occasions, but was unable to speak with anybody to ascertain the identity of the caller.

21. Plaintiff called the 3300 number most recently on March 16, and spoke with an agent of Company, who confirmed they were calling from Risen Capital. During the call, Plaintiff demanded a copy of Company's do-not-call policy and requested to be placed on Company's do-not-call list.

22. Despite this request, Company not only failed to provide said policy, but also called another time (see #15), on March 23rd, a whole week after Plaintiff's request.

23. Plaintiff received the call on his private VOIP  telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

24. These telephone solicitations constituted "calls" under the TCPA that were not for

5

emergency purposes.

25. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message or make calls.

26. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

27. Defendants refused to put Plaintiff's phone number on Defendants' internal Do-Not Call List when asked.

28. Defendants refused to give Plaintiff a copy of Defendants' Do-Not-Call policy when asked.

29. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(c)(1), 47 U.S.C. § 227(b)(1)(iii) 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR 64.1200(a)(1)(iii), 47 CFR 64.1200(a)(1), 47 CFR 64.1200(2), 47 CFR 64.1200(a)(7)(1)(A),  47 C.F.R. 64.1200(a)(7)(1)(B), and 47 C.F.R. 64.1200(c)(2).

## V.    Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

30. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

31. As a result of Defendants'and Defendants' agents negligent violations of 47 U.S.C.

6

§ 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

35. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

37. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

7

§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

38. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

41. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Call Abandonment"
Prohibition, 47 C.F.R. 64.1200 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of Defendants' and Defendants' agents negligent violations 47 C.F.R. 64.1200(a)(7), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

8

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Call Abandonment" Prohibition, 47 C.F.R. 64.1200 et seq.)

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 C.F.R. 64.1200(a)(7), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Seventh Cause of Action

(Negligent Violation of the TCPA "Identification" Requirement, 47 CFR 64.1200 et seq.)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(a)(7)(i)(A), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Identification" Requirement, 47 CFR 64.1200 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(a)(7)(i)(A) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

9

### Ninth Cause of Action

(Negligent Violation of the TCPA "Opt-Out Mechanism" Requirement, 47 CFR 64.1200 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(a)(7)(i)(B), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Opt-Out Mechanism" Requirement, 47 CFR 64.1200 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(a)(7)(i)(B) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

54. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Twelfth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Thirteenth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

59. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Fourteenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

60. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

11

61. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Fifteenth Cause of Action

(Negligence)

62. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibition against call abandonment. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

### Sixteenth Cause of Action

(Trespass to Chattel)

64. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65. Defendants and Defendants' agents conduct of telemarketing and call abandonment constituted an electronic trespass to Plaintiff's private VOIP telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

66. At no time did Plaintiff consent to this trespass.

12

67. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## Seventeenth Cause of Action

### (Conversion)

68. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

69. Defendants and Defendants' agents conduct of telemarketing and call abandonment constituted a conversion of Plaintiff's private VOIP  telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

70. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

71. At no time did Plaintiff consent to this conversion.

72. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## VI.    **Prayer for Relief**

On Causes of Action 1-14:

1.  For awards of $500 for each negligent violation as set forth in actions 1-14;

2.  For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-14.

3.  Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

Total statutory damages: **$73,500** (Seven counts each of: sales call, "robocall", call abandonment, failure to identify, failure to provide opt-out mechanism, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 15-17:

4.  Compensatory, general, incidental, and consequential damages according to proof;

5.  Punitive and special damages according to proof;

For All Causes of Action:

6.  Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7.  Prejudgment interest at the maximum legal rate;

8.  Costs of suit herein incurred; and

9.  All such other and further relief as the Court deems proper.

14

## VII.    Demand for Jury Trial

Pursuant to his rights under the Seventh Amendment to the Constitution of the United States of America, the Constitution of the State of Florida, the Constitution of the Commonwealth of Pennsylvania, and other laws, including Federal Rule of Civil Procedure Rule 38,  Plaintiff is entitled to, and hereby demands, a trial by jury, and not a bench trial, on all claims so triable.

Dated: April 7, 2015

Andrew Perrong
*Pro-Se Litigant*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
RISENlitigation@gmail.com

15